# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSEMARY C. CRAWFORD, | ) | |
| | ) | |
| Appellant, | ) | Civil Action No. 15-240 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| TODD HERTZBERG, *et al.*, | ) | |
| | ) | |
| Appellees. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

For the reasons that follow, the Order of Bankruptcy Judge Jeffery A. Deller, dated January 7, 2015, will be affirmed.[1]

Appellant Rosemary Crawford acts as trustee for the bankruptcy estate of Susan M. Hertzberg, who filed for Chapter 7 relief on February 27, 2012. Appellant hereinafter will be referred to as "the Trustee" or "Trustee." The Appellees are Ms. Hertzberg ("Wife") and her ex-husband, Todd Hertzberg ("Husband"), who also filed for bankruptcy relief, on his own behalf, on September 2, 2013. Trustee commenced an adversarial proceeding, asking that Husband be required to turn over sums, held in his ERISA-qualified retirement account, purportedly owing to Wife under a marriage settlement agreement dated October 5, 2010. Trustee seeks to recover the sums so that they may be liquidated for the benefit of Wife's bankruptcy estate.

---

[1] The Court agrees with Judge Deller that his decision addressed a "core matter" pursuant to 28 U.S.C. § 157. *See* Tr. of Bankr. Hr'g on Jan. 6. 2015 (filed under Doc. 1-78) at 3. The Court also agrees with Appellant that Judge Deller was not, under <u>Stern v. Marshall</u>, required to issue his ruling by way of proposed findings and conclusions to the District Court. *See* Appellant's Br. (Doc. 2) at 3.

In the adversarial action, Judge Deller raised significant questions regarding whether Trustee properly could make a recovery on behalf of the bankruptcy estate, given the decision in Patterson v. Shumate, 504 U.S. 753 (1992). In that case, the Supreme Court recognized that, in light of ERISA's anti-alienation provisions, retirement funds properly may be excluded from the property of a bankruptcy estate. *See* Bankr. Op. dated Nov. 13, 2014 (filed under Doc. 1-38) at 4, 8-9. Judge Deller cited additional case law recognizing that, where a person has been assigned a portion of their ex-spouse's ERISA-plan benefits through a domestic relations order entered pre-bankruptcy petition, the Patterson exclusion likewise may apply. *See id.* Thus, Judge Deller scheduled a show-cause hearing, at which the Trustee was required to explain why the bankruptcy estate's interests in the proceeds were superior to Wife's. *See id.*; *see also* Bankr. Order dated Nov. 13, 2014 (filed under Doc. 1-40).

At the hearing, the Trustee could offer no explanation or argument as to why the Patterson exclusion did not apply. *See* Tr. at (filed under Doc. 1-78) at 3-5. The Trustee acknowledged that Patterson was binding; she agreed that the marital settlement agreement was incorporated into the state court's divorce decree (which, as discussed below, pre-dated both of the ex-spouses' bankruptcy petitions); the Trustee indicated that, Patterson notwithstanding, "it might be in [Wife's] interest for [the Trustee] to pursue [the] asset [in question]"; and she invited Wife to consent to Trustee's request for relief (an invitation that, unsurprisingly, was declined). *Id.* at 4-6. In light of the foregoing, Judge Deller held that Wife retained her property interest in the ERISA-plan funds, and he indicated that Trustee's adversarial proceeding would be dismissed. *See id.* at 10. Upon hearing of the intended disposition, the Trustee "thank[ed Judge Deller] for [his] guidance." *Id.*

On this record, the Trustee has filed the instant appeal, arguing, for the first time, that Wife's interest in the ERISA funds is unperfected because "a qualified domestic relations order," or "QDRO," was never entered in the state-court proceedings. *See* Appellant's Br. (Doc. 2) at 7, 10. This is the only argument presented on appeal, and it fails on multiple levels.

Trustee's first, and perhaps most obvious, problem is the fact that she completely failed to raise her QDRO-related argument before the Bankruptcy Court. The Trustee offered no resistance to Judge Deller's determination that Patterson and its progeny were dispositive. Rather, the Trustee opined only that it might be in Wife's best interests to "consent" to the Trustee's proposed action, and, when it became clear that Wife disagreed, the Trustee accepted Judge Deller's determination and "thank[ed him] for [his] guidance." *See* discussion *supra*. It would be patently unfair to Judge Deller, and corrosive to the judicial and appellate processes, to indulge the Trustee's newfangled legal theory on appeal. Thankfully, the law does not countenance such a result. In re Reading Broad., Inc., 2008 WL 3540212, *6 (E.D. Pa. Aug. 8, 2008) ("if a party fails to raise an issue in bankruptcy court, the issue is waived and may not be considered by the district court on appeal") (all cited and quoted sources, now and hereafter, omitted); *accord* Buncher Co. v. Official Comm. of Unsecured Creditors of GenFarm Ltd. P'ship IV, 229 F.3d 245, 253 (3d Cir. 2000) (agreeing with district court that appellant "waived the . . . issue [in question] by failing to raise it in the [b]ankruptcy [c]ourt," and noting that said omission caused "the record [to be] insufficient to permit" further review).[2]

---

[2] The Court is mindful that, appellate-waiver rules notwithstanding, the Court and parties may challenge a court's subject matter jurisdiction at any time. *See generally* In re Kaiser Grp. Int'l Inc., 399 F.3d 558, 565 (3d Cir. 2005). Although Judge Deller ultimately dismissed the adversarial proceeding "for want of subject matter jurisdiction" because Trustee lacked "standing," this appeal does not challenge or implicate this Court's, or the Bankruptcy Court's, exercise of subject matter jurisdiction. *Cf.* Appellant's Br. at 3 ("[t]he Appellant does not challenge the Bankruptcy Court's jurisdiction," and "the District Court has jurisdiction pursuant

3

Even were the Court to look past the appellate-waiver bar, Trustee's arguments fare no better on the merits. As Husband's appellate brief highlights, the Trustee's briefing "brushes over one incredibly important fact in this case, namely, that there exist[ed] a Court Order, entered prior to both . . . Bankruptcy Cases, which approve[d and incorporated the terms of] the Marriage Settlement Agreement." *See* Appellee Husband's Br. (Doc. 4) at 3. The existence of an order, a *divorce decree* entered by the Court of Common Pleas of Allegheny County, and the timing of its entry, on *November 8, 2010*, were critical to Judge Deller's application of the relevant law. This is so because two of this Court's prior decisions, cited with approval in Appellant's brief, have expressly recognized that a "QDRO or divorce decree" pre-dating the bankruptcy petition is sufficient to invoke the Patterson exclusion. *See* Urmann v. Walsh, 523 B.R. 472, 477 (W.D. Pa. 2014) (Fischer, J.) (emphasis added); In re Burgeson, 504 B.R. 800, 804 (Bankr. W.D. Pa. 2014) (Deller, C.J.). Any presumed, but unstated, distinction between a "QDRO" and a "divorce decree" is not recognized as material in this Court's prior decisions.

Having conducted a *de novo* review of the law, the Court determines that Judge Deller did not err in following the well-reasoned decisions in Urmann and Burgeson. The Court of Common Pleas's divorce decree, entered well before either ex-spouse filed a bankruptcy petition, brings this case within the confines of Patterson, and the ERISA-plan proceeds permissibly were excluded from her bankruptcy estate.[3]

---

to 28 U.S.C. §158(a)(1)"). Rather, the appeal addresses Judge Deller's application of substantive law under Patterson and related cases, and any reference to jurisdiction in his rulings, as compared to the "subject matter jurisdiction" exception to appellate-waiver, is an apples-to-oranges comparison.

[3] Indeed, Appellant's arguments do not rule out the possibility that the consent decree, itself, qualified as a QDRO. Nomenclature aside, one of the other cases cited by Appellant describes, as follows, what is required:

For all of the reasons stated above, the ruling of Bankruptcy Judge Jeffery A. Deller, as memorialized in his Order dated January 7, 2015, hereby is **AFFIRMED**. A Rule 58 judgment order will be entered contemporaneously herewith, and this case will be marked closed.

IT IS SO ORDERED.


December 22, 2015                                             s\Cathy Bissoon
                                                               Cathy Bissoon
                                                               United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

> A QDRO is a type of domestic relations order that <u>creates or recognizes an alternate payee's right to</u>, or <u>assigns to an alternate payee the right to</u>, <u>a portion of the benefits payable</u> . . . <u>under a plan</u> . . . . A domestic relations order, in turn, is any judgment, <u>decree</u>, or order <u>that concerns the provision of</u> . . . <u>marital property rights</u> to a spouse, <u>former spouse</u>, child, or other dependent . . . <u>and is made pursuant to a State domestic relations law</u> . . . .

In re Nelson, 274 B.R. 789, 795 (B.A.P. 8th Cir. 2002) (emphasis added). The consent decree satisfies these standards. While there are other technical requirements to the establishment of a QDRO under ERISA, *see* 28 U.S.C. §§ 1056(d)(3)(C) & (D), Appellant fails to identify which of those provisions, if any, the consent decree fails to satisfy; nor does she demonstrate the materiality of any hypertechnical non-compliance, especially in light of the objectives underlying both ERISA and the Patterson exclusion. *See* Nelson at 795-96 (QDRO provisions "are essential to one of [ERISA's] central purposes, which is to give enhanced protection to the spouse . . . in the event of divorce or separation," and they "protect those persons who, often as a result of divorce, might not receive the benefits they otherwise would have had available during their retirement as a means of income"); *see also id.* at 793 (Patterson exclusion is necessary to "minimize[] the possibility that creditors will engage in strategic manipulation of the bankruptcy laws in order to gain access to otherwise inaccessible funds"). In any event, the Court declines to further test the bounds of Trustee's putative QDRO arguments, *sua sponte* on an issue *already* subject to waiver for her failure to raise it below.

5